UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, : Civil Action No.
 :
          **Plaintiff,** :
 :
          -against- : **COMPLAINT**
 :
U.S. ALUMINUM, INC. and :
UNITED AUTOMOBILE, AEROSPACE & :
AGRICULTURAL IMPLEMENT :
WORKERS OF AMERICA LOCAL 1668, :
 : **JURY TRIAL DEMAND**
 :
          **Defendants.** :
---------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Parties Juanarge Tufino ("Tufino") and George Haberberger ("Haberberger"). As alleged with greater specificity below, Defendants U.S. Aluminum, Inc. and United Automobile, Aerospace & Agricultural Implement Workers of America Local 1668 ("UAW Local 1668") discriminated against Tufino and Haberberger because of their age, sixty three (63), by reducing their severance benefits.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 216(c).

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of New Jersey.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant U.S. Aluminum, Inc. has continuously been a corporation doing business in the State of New Jersey and the cities of Haskell and Flemington and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant U.S. Aluminum, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant UAW Local 1668 has continuously been a labor organization, had at least twenty five (25) members, and has been the recognized collective bargaining representative for employees of Defendant U.S. Aluminum, Inc.

7. At all relevant times, Defendant UAW Local 1668 has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9. Since at least July 2005, Defendant U.S. Aluminum, Inc. and Defendant UAW Local 1688 have engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by reducing Charging Party Tufino's and Charging Party Haberberger's severance benefits because of their ages, over forty (40), pursuant to Article XII, Section 2 of the Collective Bargaining Agreement entered into between Defendant U.S. Aluminum, Inc. and Defendant UAW Local 1688 which states, "Subject to applicable prevailing law, any employee who is over sixty (60) years of age and is entitled to a pension under the Company's Pension Plan shall be entitled to a severance pay less an amount equal to one-sixtieth (1/60) of entitled severance pay for each month of age over 60; e.g. an employee who is age 65 and entitled to a pension would not be entitled to receive severance pay."

10. The effect of the practices complained of above has been to deprive Charging Parties Tufino and Haberberger of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

11. The unlawful employment practices complained of in paragraph 10 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them from discriminating against employees age forty (40) and over on the basis of age.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals forty (40) years of age and older, and which eradicate the effects of their past and present unlawful employment practices.

C. Grant a judgment requiring Defendants to pay appropriate severance benefits in an amount to be determined at trial, and an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to Tufino and Haberberger as a result of the acts complained of above.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

<div style="margin-left: 3em;">

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel


s/ Elizabeth Grossman
Elizabeth Grossman
Regional Attorney

s/ Lisa Sirkin
Lisa Sirkin
Supervisory Trial Attorney

s/ Konrad Batog
Konrad Batog
Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y.  10004
(212) 336-3700
(212) 336-3623 (facsimile)
konrad.batog@eeoc.gov

</div>